## EDGELL *against* HART.

*Chattel mortgage void as to creditors; possession retained, and sale on credit prohibited.*

ACTION to recover possession of personal property seized by the defendant as sheriff of Monroe county, on execution against one Bostwick. In 1848, the plaintiff, owning a stock of goods, sold them to Bostwick, and received for them his notes, payable in monthly instalments, secured by a chattel mortgage upon the goods sold, with a provision that the mortgagor should retain possession of the goods until default, unless he or some other person should attempt to sell or remove them, which should entitle the mortgagee to take possession. There was a schedule of the goods, attached to the mortgage, at the foot of which was the following memorandum, signed by the mortgagor : "Together with all other articles mentioned and specified in a bill of sale this day executed by the said party of the second part to the said party of the first part, and to include also all other articles of a like nature which may be put or be in said store, whenever the said party of the second part may be entitled to enforce the within mortgage ; *said party of the first part not to sell any of the said goods upon credit.* If any of the said goods are sold upon credit, that shall be sufficient cause of forfeiture of the within

mortgage, and entitle the said Edgell to treat the same accordingly at his election." The mortgagor retained the possession of the goods, and commenced and continued selling them at retail for about a year, adding to the stock from time to time by further purchases in New York, paid eleven or twelve of the monthly instalments, and then executed a new mortgage similar to the previous one, to secure the balance of the notes, attaching to it the same schedule of goods which had been attached to the first mortgage, adding a few new items.

The sole question presented was whether the mortgage was, by its terms, fraudulent as against creditors, the judge at the circuit having decided that it was void, and refused to submit the question of fraudulent intent to the jury.

The judgment was affirmed; the court holding that the mortgage was void, and that there was no question to be submitted to the jury with regard to it.

(S. C., 13 Barb. 380; 9 N. Y. 213.)